UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
F I L E D
AUG 28 2006
AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

CIVIL ACTION NO. 05-361-GWU

LINDA GOODWIN,                           PLAINTIFF,

VS.                     **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

Goodwin

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning a specific step in the test is in order.

In the Sixth Circuit, the Step Three severity regulation has been held to be a <u>de minimus</u> hurdle in the disability determination process. <u>Murphy v. Secretary of Health and Human Services</u>, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." <u>Farris v. Secretary of Health and Human Services</u>, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." <u>Id</u>., n.1.

## DISCUSSION

The administrative law judge (ALJ) found that the plaintiff suffered from no "severe" impairments, despite her history of treatment for conditions such as arthritis, a rib fracture and depression. (Tr. 18-19). Thus, her claim for benefits was denied. (Tr. 20).

The ALJ properly assessed the plaintiff's physical status. While Treating Physician Siddiqui did provide some clinical evidence of arthritis, including laboratory test results showing an elevated sed rate (Tr. 145) and periodic tenderness in various joints or the neck on physical examination (e.g., Tr. 186, 187, 205, 207), he still did not list physical activity restrictions any more than other physicians did.

Goodwin

With regards to the plaintiff's mental status, the analysis is more difficult. Depression was diagnosed by two treating physicians (Tr. 186, 187, 188, 189, 190, 191, 194, 197, 263, 264) as well as staff members at the Mountain Comprehensive Care Center (MCCC) (another treating facility) (Tr. 250, 266). Of the two functional assessments provided by these treating sources, both suggested essentially disabling restrictions. (Tr. 216-217).[1] One of these pessimistic assessments came from a psychiatrist at the treating facility MCCC. A past year and present GAF were cited at the low level of 50 (Tr. 250) and there were detailed treatment notes.[2]

On the other hand, two consultative examiners believed that the plaintiff malingered during her mental health examinations with them.[3] Reviewing these examiners, the medical reviewers believed that "no clear impairment" was established (Tr. 170, 184), although it was not expressly stated that they did not believe there was a mental impairment.

---

[1] Dr. Siddiqui, for example, cited "no" ability to deal with work stresses or demonstrate reliability (Tr. 216-217). See Social Security Ruling 85-15.

[2] The ALJ indicated that there were "no objective findings of affective distress or anxiety within the treatment records" (Tr. 19), which was not accurate. For example, a psychiatrist did note fidgety psychomotor activity (Tr. 249) and a therapist observed a depressed sustained mood on several occasions (Tr. 260, 261).

[3] One of the one-time examiners did, however, feel that the plaintiff did seem to have low cognitive skills and remarked that mild mental retardation should be ruled out. (Tr. 156).

6

Goodwin

Neither medical reviewer had seen the MCCC assessment, however. See Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Neither had the two consultative examiners.[4] Particularly given that this is the de minimis, "severe" impairment stage, greater attention should have been directed to the plaintiff's mental condition.

The case will be remanded for further consideration.

This the 25 day of August, 2006.

G. WIX UNTHANK
SENIOR JUDGE

---

[4] Interestingly, the second consultative examiner had been provided with a copy of the report from the only examiner of record up to that point who had felt that the plaintiff was malingering, and no other background record.

7